THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> IAP WORLD SERVICES, INC., a Florida corporation, <br><br> Defendant. | No. C11-583Z <br><br> ORDER |

THIS MATTER comes before the Court on Plaintiff's motion to compel an audit and for attorney's fees and costs (docket no. 24). Having reviewed all papers filed in support of and in opposition to the motion, the Court now enters the following Order.

**Background**

The relevant facts of this case are not disputed. Defendant, IAP World Services, Inc., is a party to a collective bargaining agreement with Local 166 of the

ORDER - 1

International Brotherhood of Teamsters. Complaint at ¶ VI (docket no. 1 at 2); Answer at ¶ 6 (docket no. 22 at 2). As part of that agreement, Defendant is also bound to the Western Conference of Teamsters Pension Trust Agreement ("Trust Agreement"). Complaint at ¶ VII; Answer at ¶ 7. The Pension Trust Fund ("Trust") accepts contributions from Defendant and other employers for the purpose of providing retirement, death, and termination benefits for eligible employees and their beneficiaries. Agreement & Declaration of Trust at 1, Ex. A to McKenna Decl. (docket no. 12-1 at 8). Plaintiff, Northwest Administrators, Inc., is the authorized administrator of the Trust. Id. at ¶ 2.

The Trust Agreement permits Plaintiff, as the trustee, to audit the records of employers who participate in the Trust whenever the Plaintiff deems such an audit necessary or desirable:

> Each Employer shall promptly furnish to the Trustees or their authorized representatives on demand any and all records of his past or present Employees concerning the classification of such Employees, their names, Social Security numbers, amount of wages paid and hours worked or paid for, and ***any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund*** . . . . The Trustees or their authorized representatives may examine any books and records of each Employer which ***the Employer is required to furnish to the Trustees on demand wherever such examination is deemed necessary or desirable by the Trustees in the proper administration of the Trust.***

Agreement & Declaration of Trust, Art. XI, Sec. 1, Ex. A to McKenna Decl. (docket no. 12-1 at 20) (emphasis added). The Trust Agreement also entitles Plaintiff to recover legal fees and costs when Plaintiff must retain counsel to compel an audit:

ORDER - 2

> If it becomes necessary for the Trustees to retain legal counsel to compel an Employer to furnish to, or permit the examination of books or records or information by, the Trustees or their representatives, ***the Employer shall reimburse the Trust Fund for all reasonable attorneys' fees and court costs incurred by the Trust Fund in connection therewith***, whether or not legal proceedings were instituted and whether or not such examination discloses that the Employer has failed to make appropriate or timely Employer Contributions to the Trust Fund.

Id. (emphasis added).

Plaintiff has filed the instant action to compel Defendant to turn over payroll, tax, timekeeping, and other related records for all of Defendant's employees, for a period beginning January 1, 2007 through present. Ex. B to McKenna Decl. (docket no. 12-2); Complaint at ¶ X. The motion to compel is for all intents a motion for summary judgment and will be treated accordingly.

**Analysis**

**A.     Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (2010). Once "the moving party has carried its burden of [showing it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## B. Trust Agreement – Right to Audit

A trust for health or pension benefits is a contract governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended (1988). ERISA requires the assets of employee benefit plans to be held in trust pursuant to a written trust agreement. Id. at §§ 1102(a), 1103(a). The language of a trust agreement defines the rights and obligations of the parties to the trust to the extent those rights and obligations are consistent with ERISA. Id. at § 1145; Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491, 1493–94 (9th Cir. 1990). Trust fund administrators are obligated, under both common law and ERISA, to ensure that the trust is properly funded by participating employers. Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 570–72, 580 (1985). Accordingly, trust fund administrators are vested with broad audit powers to ensure compliance by employers. Id.

Article XI of the Trust Agreement, to which Defendant is bound, requires Defendant to: (1) produce all records of past and present employees upon demand by Plaintiff; and (2) allow Plaintiff to "examine any books and records of [Defendant] . . . wherever such examination is deemed necessary or desirable by the Trustees in the proper administration of the Trust." Ex. A to McKenna Decl. (docket no. 12-1 at 20). The Trustees have deemed it "both necessary and desirable to the proper administration of the Trust" to examine Defendant's books and records, as described in their original request to Defendant. Ex. B. to McKenna Decl. (docket no. 12-2 at 2).

Plaintiff's right to audit employers who participate in the Trust is well established. See Northwest Adm'rs v. Midland Trucking, No. C06-400-JPD, 2006 WL 2192220, at *3–*4 (W.D. Wash. Jul. 31, 2006); Northwest Adm'rs v. City of Burlington, No. C05-0991C, docket no. 18 at 7–9 (W.D. Wash. Nov. 15, 2005); Northwest Adm'rs v. Penske Transp. Servs., No. C02-0600C, docket no. 24 at 2–4 (W.D. Wash. Sept. 25, 2002).

Defendant's principal basis for opposing summary judgment is that it has had insufficient time to conduct discovery. Defendant asserts that it "intends to conduct discovery . . . regarding the possibility that this audit is being conducted for an improper purpose, such as to informally recruit new union members from its employees." Response to Motion at 4 (docket no. 27). Defendant cites to Fed. R. Civ. P. 56(d), which grants the Court discretion to defer consideration of the motion until Defendant has had further time to conduct discovery. The Ninth Circuit only requires a deferral under Rule 56(d) if Defendant's "sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (evaluating Rule 56(f), which was recodified without substantive change as Rule 56(d) in 2010). A delay should not be granted if "the evidence sought is almost certainly nonexistent or is the object of pure speculation." Eklund v. City of Seattle, C06-1815Z, 2008 WL 112040, at *4 (W.D. Wash. Jan. 9, 2008) (citing Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)). In this case Defendant has submitted no evidence to require any further delay in Plaintiff's right to an audit.

Plaintiff is entitled to all of the records it has sought thus far, for both participating and non-participating employees at the Fort Irwin, California site. See Minute Order ¶ 1 (docket no. 21). Defendant cites to no provision of the Trust Agreement—nor any statute, case, or other authority—that would impose a duty of confidentiality or indemnity on Plaintiff. The Trust Agreement governs Defendant's duty to comply with Plaintiff's audit request, and Defendant has not provided any justification for hindering that audit with further proceedings before this Court.

### C. Attorney's Fees & Costs

Plaintiff seeks an award of its attorney's fees and costs incurred in bringing this suit. Article XI of the Trust Agreement allows Plaintiff to recover its fees and costs whenever "it becomes necessary for the Trustees to retain legal counsel to compel an Employer to furnish to, or permit the examination of books or records or information by, the Trustees or their representatives[.]" Ex. A to McKenna Decl. (docket no. 12-1 at 20). Plaintiff is entitled to reasonable attorney's fees of $8015.25 and costs of $682.88. See Leahy Decl. ¶ 2-5 (docket no. 26).

### D. Continuing Jurisdiction

The Court will retain jurisdiction over this case in the event that disputes over the scope of the audit arise.

### Conclusion

For the foregoing reasons, Plaintiff's motion (docket no. 24) is GRANTED. Defendant is ordered to permit the Trustee's representative to examine Defendant's

ORDER - 6

individual payroll records, federal tax forms, state industrial insurance and unemployment tax records, individual time cards and time records, and any other documentation necessary to determine the bargaining unit status and amount of work performed by <u>all</u> persons employed by Defendant at the Fort Irwin, California facility, from a period beginning January 1, 2007, until the date of this Order.

Further, Plaintiff's motion for attorney's fees and costs is GRANTED.

Finally, the Court will retain jurisdiction over this case until Plaintiff's audit of Defendant's records is completed. Plaintiff shall notify the Court once the audit has been completed, at which time this action shall be dismissed.

IT IS SO ORDERED.

DATED this 3rd day of October, 2011.

*(signature)*
Thomas S. Zilly
United States District Judge